GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
ROBERT A. GOODIN, State Bar No. 061302
    rgoodin@goodinmacbride.com
FRANCINE T. RADFORD, State Bar No. 168269
    fradford@goodinmacbride.com
ANNE H. HARTMAN, State Bar No. 184556
    ahartman@goodinmacbride.com
505 Sansome Street, Suite 900
San Francisco, California 94111
Telephone:    (415) 392-7900
Facsimile:    (415) 398-4321

THE CHARLES SCHWAB CORPORATION
LOWELL HAKY, State Bar No. 178526
211 Main Street
San Francisco, California 94105
Telephone:    (415) 667-0622
Facsimile:    (415) 6671638

GRAIS & ELLSWORTH LLP
DAVID J. GRAIS
    dgrais@graisellsworth.com
KATHRYN C. ELLSWORTH
    kellsworth@graisellsworth.com
OWEN L. CYRULNIK
    ocyrulnik@graisellsworth.com
LEANNE M. WILSON
    lwilson@graisellsworth.com
40 East 52nd Street
New York, New York 10022
Telephone:    (212) 755-0100
Facsimile:    (212) 755-0052

Attorneys for Plaintiff
The Charles Schwab Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE WELLS FARGO MORTGAGE BACKED CERTIFICATES LITIGATION | No. 09-cv-01376-LHK<br><br>**THE CHARLES SCHWAB CORPORATION'S OPPOSITION TO ADMINISTRATIVE MOTION TO RELATE CASES** |

| | |
|---|---|
| THE CHARLES SCHWAB CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>BNP PARIBAS SECURITIES CORP., et al.,<br>Defendants. | No. 10-CV-4030 SI |

## MEMORANDUM OF POINTS AND AUTHORITIES

On September 22, 2010, Wells Fargo filed an administrative motion to relate *The Charles Schwab Corporation v. BNP Paribas Securities Corp.,* No. 10-cv-04030 SI, to *General Retirement System of the City of Detroit v. The Wells Fargo Mortgage Backed Securities 2006-AR18 Trust*, No. 09-cv-01376-LHK. For two reasons, The Charles Schwab Corporation opposes the relation of the *BNP Paribas* case to the *General Retirement System* class action. Although there are some common defendants in both actions, there are important differences between the cases that Wells Fargo failed to mention in its administrative motion. In fact, the two actions do not even share a single securitization in common. Moreover, Schwab could be unfairly prejudiced if the two cases are related.

First, the two actions share some of the same defendants. But far less unites these two actions than divides them. The parties are different, the facts are different, the legal claims are different, and the actions were filed at different times and are in different procedural postures.

- *Facts*. Most important, there are 36 securitization trusts in the *BNP Paribas* case. Not one of those securitizations appears in the Amended Consolidated Complaint filed May 28, 2010 in the *General Retirement System* class action.[1] Moreover, the vast majority of the loans in the *General Retirement System* action were originated or acquired by Wells Fargo. Although some of the securitizations in the *BNP Paribas* action also include loans originated or acquired by Wells Fargo, the securitizations in the *BNP Paribas* action also includes loans originated by Countrywide Home Loans,

---

[1] The Consolidated Complaint filed August 31, 2009 for the *General Retirement System* class action had included allegations about three of the securitizations in the *BNP Paribas* case, but those allegations have been dropped. *Compare* Consolidated Class Action Compl., *General Retirement Sys. v. The Wells Fargo Mortgage Backed Securities 2006-AR18 Trust*, No. 09-1376-SI (N.D. Cal. Aug. 31, 2009) *with* Am. Consolidated Class Action Compl., *In re Wells Fargo Mortgage Backed Certificates Litig.*, No. 09-cv-01376-SI (N.D. Cal. May 28, 2010).

GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Bank of America, GMAC Mortgage Corporation, and 20 other originators. (Am. Complaint, Scheds., Item 33(b).) These loans will require different evidence and discovery, including from many additional third parties.

- *Parties*. There are 27 defendants in the *BNP Paribas* case. There are 13 defendants in the *General Retirement System* class action, and only eight appear in both. Thus, the *BNP Paribas* case includes 19 defendants who are not previously parties in the *General Retirement System* class action.

- *Legal Claims*. Although they share a few common claims, the two cases also involve very different legal claims. Schwab has pleaded claims under section 25501 and 25504 of the California Securities Act, and claims under California common law. None of state law claims are present in the class action. Moreover, by its nature, a class action presents legal issues and procedural complexities – including class certification and court approval of settlements – that would not apply to an individual action like the *BNP Paribas* case.

- *Procedural Posture*. The *General Retirement System* action was filed in March 2009. It has already been though a full round of briefing and a decision on motions to dismiss. In contrast, the *BNP Paribas* case was filed more than a year later, in July 2010, and motions to dismiss have yet to be filed.

Local Civil Rule 3-12 provides that two cases are related when: "(1) The actions concern substantially the same parties, property, transaction or event; and (2) It appears likely that there will be an unduly burdensome duplication of labor and expense or conflicting results if the cases are conducted before different Judges." Neither of those two necessary conditions applies here. Although a handful of the defendants are "the same," that is the only similarity. And those defendants are being sued for different securitizations in each action. Thus, there is no "substantial[]" similarity between the two cases. Moreover, it is quite possible that, for the reasons discussed above, relating these two cases will generate more inefficiency and delay than permitting them to proceed separately. Indeed, in *Hodges v. Akeen Solar, Inc.*, Judge Ware recently denied an *unopposed* motion to relate two cases more similar than the ones before this Court, for reasons that are almost identical to those described above. No. 09-cv-02147, 2010 WL 2756536, at *1 (N.D. Cal. July 9, 2010). Judge Ware concluded that relating the cases was inappropriate because "although the two actions concern substantially the same transaction and events, the legal claims, named defendants, and procedural posture are different." *Id*. Precisely the same reasoning should apply here.

Second, an order relating the cases could prejudice Schwab. Although contrary to the obvious intent of the statute, Defendants may argue that the *BNP Paribas* action has become a

"covered class action" under the Securities Litigation Uniform Standards Act of 1998 (SLUSA), Pub. L. No. 105-353, because it is now "related to" and pending together with a class action.[2] If its action were deemed to be a "covered class action," then Schwab's claims under the California Securities Act and California common law may be preempted.[3] Similar arguments have been made by defendant in other lawsuits. See *In re Adelphia Communications Corp. Securities and Derivative Litigation,* 03 MDL 1529 (LMM), 2009 WL 2407835, at *2 (S.D.N.Y. Aug. 5, 2009); *Am. Nat'l Ins. Co. v. J.P. Morgan Chase & Co.*, No. MDL-1446, 2002 WL 32107216, at *2-*5 (S.D. Tex. Aug. 12, 2002). Although several courts have rejected these arguments, still Schwab respectfully submits that it should not needlessly be subjected to a risk (no matter how small) that its claims will be preempted.

## CONCLUSION

For all of these reasons, Schwab respectfully requests that this Court not relate the two actions.

Dated: September 27, 2010

GOODIN, MACBRIDE, SQUERI,
DAY & LAMPREY, LLP

THE CHARLES SCHWAB CORPORATION

GRAIS & ELLSWORTH LLP


By: /s/ Robert A. Goodin
    Robert A. Goodin
Attorneys for Plaintiff
THE CHARLES SCHWAB CORPORATION

3435/001/X122563.v1

---

[2] SLUSA defines a "covered class action" as "any group of lawsuits filed in or pending in the same court and involving common questions of law or fact, in which (I) damages are sought on behalf of more than 50 persons; and (II) the lawsuits are joined, consolidated, or otherwise proceed as a single action for any purpose." 15 U.S.C. §78bb(f)(5)(B)(ii).

[3] SLUSA provides that "No covered class action based upon the statutory or common law of any State or subdivision thereof may be maintained in any State or Federal court by any private party alleging – (a) a misrepresentation or omission of a material fact in connection with the purchase or sale of a covered security; or (b) that the defendant used or employed any manipulative or deceptive device or contrivance in connection with the purchase or sale of a covered security." 15 U.S.C. §78bb(f)(1).

GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
ATTORNEYS AT LAW
SAN FRANCISCO