GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
ROBERT A. GOODIN, State Bar No. 061302
    rgoodin@goodinmacbride.com
FRANCINE T. RADFORD, State Bar No. 168269
    fradford@goodinmacbride.com
ANNE H. HARTMAN, State Bar No. 184556
    ahartman@goodinmacbride.com
505 Sansome Street, Suite 900
San Francisco, California 94111
Telephone:   (415) 392-7900
Facsimile:    (415) 398-4321

THE CHARLES SCHWAB CORPORATION
LOWELL HAKY, State Bar No. 178526
211 Main Street
San Francisco, California 94105
Telephone:   (415) 667-0622
Facsimile:    (415) 667-1638

GRAIS & ELLSWORTH LLP
DAVID J. GRAIS
    dgrais@graisellsworth.com
KATHRYN C. ELLSWORTH
    kellsworth@graisellsworth.com
OWEN L. CYRULNIK
    ocyrulnik@graisellsworth.com
LEANNE M. WILSON
    lwilson@graisellsworth.com
40 East 52nd Street
New York, New York 10022
Telephone:   (212) 755-0100
Facsimile:    (212) 755-0052

Attorneys for Plaintiff
The Charles Schwab Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CHARLES SCHWAB CORPORATION, | No. CV-10-4030 SI |
| Plaintiff, | **PLAINTIFF'S NOTICE OF MOTION AND MOTION TO REMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| BNP PARIBAS SECURITIES CORP., *et al.*, | |
| Defendants. | Date:   November 12, 2010<br>Time:   9:00 a.m.<br>Dept.   Courtroom 10, 19th Floor |

**PLAINTIFF'S MOTION TO REMAND**                                              (No. CV-10-4030-SI)

-1-

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT, on November 12, 2010 at 9:00 a.m., or as soon thereafter as the matter may be heard, in the above-captioned Court, located at 450 Golden Gate Avenue, in San Francisco, California, Plaintiff, The Charles Schwab Corporation, will and hereby does move the Court for an order remanding this matter to the Superior Court of the State of California in and for the City and County of San Francisco, where Plaintiff filed it. This motion is made pursuant to 15 U.S.C. § 77v and 28 U.S.C. § 1441(a) on the grounds that this action was improperly removed and under 28 U.S.C. § 1446 on the grounds that this Court lacks subject-matter jurisdiction of this action. This motion to remand is based on this notice of motion and motion, the attached memorandum of points and authorities in support thereof, the pleadings and record in this action, and such other evidence and argument as may be presented at the hearing on this matter.

Dated: October 1, 2010

GOODIN, MACBRIDE, SQUERI,
DAY & LAMPREY, LLP


By: /s/ Robert A. Goodin
     Robert A. Goodin

LOWELL HAKY

GRAIS & ELLSWORTH LLP

Attorneys for Plaintiff
The Charles Schwab Corporation

**PLAINTIFF'S MOTION TO REMAND**    (No. CV-10-4030-SI)

GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# **TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 1

THE CLAIMS IN THE AMENDED COMPLAINT ..................................................................... 2

ARGUMENT .................................................................................................................................. 3

I. THIS ACTION IS NOT "RELATED TO" A BANKRUPTCY PROCEEDING ............... 4

    A. Schwab Corporation Does Not Allege that Wells Fargo Made Untrue or Misleading Statements About Any Loans Originated by the Now-Bankrupt Originator. ................................................................................................................ 4

    B. This Court Does Not Have Jurisdiction Under Section 1334(b) ............................ 5

    C. Even If This Action Were "Related to" Bankruptcy Proceedings, The Court Should Remand It on Equitable Grounds ................................................................ 7

II. UNDER SECTION 22(A) OF THE SECURITIES ACT OF 1933, REMOVAL OF THIS ACTION WAS IMPROPER. ...................................................................................... 9

CONCLUSION ............................................................................................................................. 11

**TABLE OF AUTHORITIES**

**Cases**                                                                                                      **Page(s)**

*Bulova Watch Co. v. United States*,
   365 U.S. 753 (1961) .................................................................................................. 11

*City of Birmingham Ret. & Relief Fund v. Citigroup, Inc.*,
   No. CV-03-BE-0994-S, 2003 WL 22697225 (N.D. Ala. Aug. 12, 2003) .......................... 11

*Federal Home Loan Bank of Seattle v. Barclays Capital Inc.*,
   No. C10-0139 RSM, 2010 WL 3662345 (W.D. Wash. Sept. 1, 2010) ................................ 9

*Federal Home Loan Bank of Seattle v. Deutsche Bank Securities, Inc.*,
   No. C10-0140 RSM, 2010 WL 3512503 (W.D. Wash. Sept. 1, 2010) ................................ 9

*Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*,
   784 F.2d 1392 (9th Cir. 1986) ...................................................................................... 11

*In re Edward Jones Holders Litigation*,
   453 F. Supp. 2d 1210 (C.D. Cal. 2006) ........................................................................ 11

*In re Federal-Mogul Global, Inc.*,
   300 F.3d 368 (3d Cir. 2002) ........................................................................................... 6

*In re Fietz*,
   852 F.2d 455 (9th Cir. 1988) ...................................................................................... 5, 6

*In re Roman Catholic Bishop of San Diego*,
   374 B.R. 756 (Bankr. S.D. Cal. 2007) ........................................................................ 7-8

*Luther v. Countrywide Home Loans Servicing LP*,
   533 F.3d 1031 (9th Cir. 2008) .................................................................................10-11

*Mattel, Inc. v. Bryant*,
   441 F. Supp. 2d 1081 (C.D. Cal. 2005), *aff'd*, 446 F.3d 1011 (9th Cir. 2006) .................. 11

*McCauley v. Ford Motor Co.*,
   264 F.3d 952 (9th Cir. 2001) ........................................................................................ 11

*Pacor, Inc. v. Higgins*,
   743 F.2d 984 (3d Cir. 1984) ..................................................................................... 5, 6, 7

*Parke v. Cardsystems Solutions, Inc.*,
   No. C 06-04857 WHA, 2006 WL 2917604, (N.D. Cal. Oct. 11, 2006) ............................. 8

*Steel Workers Pension Trust v. Citigroup, Inc.*,
   295 B.R. 747 (E.D. Pa. 2003) ........................................................................................ 6

## **TABLE OF AUTHORITIES**
(continued)

Page(s)

*Tennessee Consol. Ret. Sys. v. Citigroup, Inc.*,
   No. 3:03-0128, 2003 WL 22190841 (M.D. Tenn. May 9, 2003) ...................................... 11

*The Charles Schwab Corp. v. J.P. Morgan Securities Inc.*,
   No. CGC 10-503206 (Cal. Super. Ct. filed Sept. 2, 2010) ...................................... 8

*The Charles Schwab Corp. v. J.P. Morgan Securities Inc.*,
   No. CGC 10-503207 (Cal. Super. Ct. filed Sept. 2, 2010) ...................................... 8

*The Charles Schwab Corp. v. Banc of America Securities LLC*,
   No. CV-10-3489 LHK (N.D. Cal. filed June 29, 2010) .......................................... 8

*Things Remembered, Inc. v. Petrarca*,
   516 U.S. 124 (1995) ............................................................................................. 5

*Western Helicopters, Inc. v. Hiller Aviation, Inc.*,
   97 B.R. 1 (E.D. Cal. 1988) ................................................................................... 9

*Williams v. Shell Oil Co.*,
   169 B.R. 684 (S.D. Cal. 1994) ............................................................................. 8

**Statutes**

15 U.S.C. § 77v .............................................................................................................. 1, 10

28 U.S.C. § 1334 ............................................................................................................... 1

28 U.S.C. § 1334(b) .................................................................................................... 4, 6, 7

28 U.S.C. § 1441(a) ........................................................................................................... 1

28 U.S.C. § 1446 ............................................................................................................... 1

28 U.S.C. § 1452 ...................................................................................................... 2, 4, 7, 10

# MEMORANDUM OF POINTS AND AUTHORITIES

On July 15, 2010, Plaintiff, The Charles Schwab Corporation, filed this action in the Superior Court of the State of California for the City and County of San Francisco. Relying on a single invalid theory of federal jurisdiction, two of the 28 defendants (Wells Fargo Asset Securities Corporation and Wells Fargo Bank, N.A.) removed the action to this Court.[1] Schwab Corporation respectfully moves the Court to remand the action to state court.

Wells Fargo argues that this Court has related-to-bankruptcy jurisdiction under 28 U.S.C. § 1334 because, if a judgment is entered against it, then it may have the right to claim indemnity or contribution from the originators of the mortgage loans in the trust in which it sold certificates, and one of those originators is now bankrupt. Wells Fargo is incorrect for two reasons.

*First*, the loans from the sole bankrupt originator are a tiny fraction of the mortgage loans in just two of the 37 trusts on which Schwab Corporation has sued. To be exact, they are *at most* 338 loans out of 3,392 in those two trusts and out of 75,144 in the 37 trusts involved in this action. Indeed, American Home Mortgage originated so few loans that it was not even mentioned in the prospectus supplements filed with the SEC for the two transactions. Schwab Corporation has not alleged and does not intend to prove that Wells Fargo made untrue or misleading statements about any of those few loans, so Wells Fargo will not be entitled to indemnity from the bankrupt originator based on any judgment for Schwab Corporation in this action. (*See* Point I.A.) Moreover, those loans are such a small fraction of the loans in those trusts, and any possible future claims by Wells Fargo against the bankrupt originator are so remote, that there is no related-to-bankruptcy jurisdiction. (*See* Point I.B.) And, even if the Court had related-to-

---

[1] The Notice of Removal was filed by Wells Fargo Asset Securities Corporation and Wells Fargo Bank, N.A., which are referred to collectively as Wells Fargo. Wells Fargo asserts that "[a]ll other defendants named and served in the State Court Action, according to the proof of service filed by Plaintiff in the State Court Action, consent to this Notice of Removal." But related-to-bankruptcy is the only ground that any defendant has asserted for removal, and the two Wells Fargo entities are the only defendants that have asserted that claims against them are related to any bankruptcy. (Several other defendants filed notices of joinder or consents to removal, but none asserted any independent grounds for federal jurisdiction.) Thus, it is undisputed that 26 of the 28 defendants have no basis whatsoever for removing this action to federal court.

**PLAINTIFF'S MOTION TO REMAND** (No. CV-10-4030-SI)

-1-

bankruptcy jurisdiction, the Court nevertheless should remand this action to state court on equitable grounds pursuant to 28 U.S.C. § 1452. (*See* Point I.C.)

*Second,* removal was improper because Schwab Corporation has pleaded claims under the Securities Act of 1933. Section 22(a) of the 1933 Act provides that "no case arising under [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." (*See* Point II.) Thus, Wells Fargo removed this action in violation of Section 22(a), and the Court should remand it for that reason alone.

This Court has no subject-matter jurisdiction, and even if it did, the removal of this action violated Section 22(a) of the 1933 Act. The Court should remand the action to state court.

## **THE CLAIMS IN THE AMENDED COMPLAINT**[2]

Schwab Corporation brought this action as the assignee of Charles Schwab Bank, N.A. Schwab Corporation sues under the California Corporate Securities Act of 1968, California common law, and the Securities Act of 1933 to rescind Schwab Bank's purchases from the defendants of certificates backed by residential mortgage loans.

The certificates that defendants sold Schwab Bank are mortgage-backed securities, created in a process known as securitization. Securitization begins with loans (here, loans secured by mortgages on residential properties) on which the borrowers are to make monthly payments. The entity that makes the loans is known as the originator of the loans. The process by which the originator decides whether to make particular loans is known as the underwriting of loans. In the loan underwriting process, the originator applies various criteria that are designed to ensure that the loans will be repaid. Until the loans are securitized, the borrowers on the loans make their payments to the originator. Collectively, the payments on the loans are known as the cash flow from the loans.

In a securitization, a large number of loans are grouped into a collateral pool. The originator of those loans sells them (and, with them, the right to receive the cash flow from them) to a trust. The trust pays the originator cash for the loans. The trust raises the cash to pay for the

---

[2] The facts in this section are taken from the Amended Complaint.

**PLAINTIFF'S MOTION TO REMAND** -2- (No. CV-10-4030-SI)

loans by selling bonds, usually called certificates, to investors such as Schwab Bank. Each certificate entitles its holder to an agreed part of the cash flow from the loans in the collateral pool.

When a traditional company issues securities, it and the underwriters of its securities must disclose to potential investors in those securities material information about the business and management of the company. In a securitization, however, there is no business or management to describe. Rather, the necessary disclosures are about the structure of the transaction and especially about the credit quality of the loans in the collateral pool, the expected source of cash from which to pay the certificateholders.

When they offered and then sold the certificates to Schwab Bank, the defendants made numerous statements to Schwab Bank about the certificates and the credit quality of the mortgage loans that backed them. Many of those statements were untrue. Moreover, the defendants omitted to state many material facts that were necessary in order to make their statements not misleading. For example, the defendants made untrue statements, or omitted important information, about such material facts as the percentage of equity that borrowers had in their homes (reflected in the loan-to-value ratio, or the ratio of the amount of the mortgage loan to the value of the house that secured the loan), the number of borrowers who actually lived in the houses that secured their loans, and the business practices of the lenders that made the loans.

This action pleads three claims under California law: violation of Section 25501 of the Corporate Securities Act, common-law negligent misrepresentation, and common-law rescission. The complaint also pleads three claims under the Securities Act of 1933: under Sections 11 and 12(a)(2) against the issuers and sellers of the certificates, and under Section 15 against the control persons of the issuers.

## **ARGUMENT**

The sole supposed basis of federal jurisdiction, that this action is related to a bankruptcy proceeding, does not actually exist. Moreover, removal was improper because Section 22(a) of the 1933 Act prohibits removal of cases that plead claims under that Act.

**PLAINTIFF'S MOTION TO REMAND** -3- (No. CV-10-4030-SI)

## I. THIS ACTION IS NOT "RELATED TO" A BANKRUPCTY PROCEEDING.

Wells Fargo argues that this action is "related to" a bankruptcy proceeding and thus subject to federal jurisdiction under 28 U.S.C. § 1334(b) and removable under 28 U.S.C. § 1452. (*See* Notice of Removal ¶ 13.) If Schwab Corporation proves that Wells Fargo made untrue or misleading statements about particular mortgage loans in the trusts in which Schwab Bank bought certificates, then Wells Fargo may have the right to seek indemnity from the originators that sold those mortgage loans to the trusts. Because one originator of a tiny fraction of the loans in two of the 37 trusts that Schwab Corporation is suing on is now bankrupt, Wells Fargo argues that its potential claims for indemnity make this action "related to" the bankruptcy of that entity.

There are three reasons why the Court should not exercise jurisdiction pursuant to Section 1452. First, Schwab Corporation has not alleged and does not intend to prove that Wells Fargo made untrue or misleading statements about the few loans that were sold into these two trusts by the sole now-bankrupt originator, American Home Mortgage. (Indeed, Schwab Corporation did not even know that American Home Mortgage originated those few loans when it filed its complaint because they were too few to be mentioned in the prospectus supplements filed with the SEC.) Wells Fargo therefore will have no claim for indemnity against the bankrupt estate of this originator based on Schwab Corporation's allegations in this action. Second, even if the loans of this now-bankrupt originator were part of this action, a possible claim of indemnity based on a small fraction of loans sold into two of 37 trusts by one bankrupt originator is not nearly enough to bootstrap the entire action into federal court. Third, even if this Court had jurisdiction, it should nevertheless remand this case on equitable grounds pursuant to 28 U.S.C. § 1452(b).

### A. Schwab Corporation Does Not Allege that Wells Fargo Made Untrue or Misleading Statements About Any Loans Originated by the Now-Bankrupt Originator.

Wells Fargo argues that two of the 37 trusts in this action, WFMBS 2007-8 (Sched. 26) and WFMBS 2006-AR3 (Sched. 28) had loans from an originator that is now bankrupt. In both trusts, the now-bankrupt originator, American Home Mortgage, was responsible for such a small percentage of the loans that it was not even listed as an originator in the prospectus supplement

**PLAINTIFF'S MOTION TO REMAND** -4- (No. CV-10-4030-SI)

for either deal.³ *See* WFMBS 2007-8 Pros. Sup. at S-59, S-61; WFMBS 2006-AR3 at S-37.

As discussed below, the bankruptcy of this originator, which represents a tiny fraction of the loans that were sold into the trusts on which Schwab Corporation is suing, is not sufficient to satisfy the standard for related-to bankruptcy jurisdiction. (*See* Point II.B.) For the avoidance of doubt, however, Schwab Corporation represents to the Court that it will not present evidence in this action that Wells Fargo made untrue or misleading statements about any loans from this originator. Schwab Corporation will instead prove its case based upon the overwhelming majority of the loans that were sold into the trusts by originators that are not bankrupt (which were the only originators that Schwab Corporation was aware of until Wells Fargo removed this action). This representation should eliminate the need for the Court to consider whether it could have exercised related-to-bankruptcy jurisdiction. There is now no conceivable way in which this case could have any impact on a bankrupt estate. Even if Schwab Corporation wins at trial, and even if Wells Fargo therefore becomes entitled to sue the originators for indemnity, still Wells Fargo will have no possible claim against American Home Mortgage because Schwab Corporation will not ask the jury in this action to find that Wells Fargo made untrue or misleading statements about the loans from that originator.

**B.      This Court Does Not Have Jurisdiction Under Section 1334(b).**

To determine whether a case is "related to" a federal bankruptcy, the Ninth Circuit has adopted the test stated by the Third Circuit in *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124 (1995).

> An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.

*In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988).

---

³ Both prospectus supplements name the specific originators that contributed most of the loans to the collateral pools. The prospectus supplements stated that there are other, unnamed originators, that originated less than 10% of the mortgage loans. WFMBS 2007-8 Pros. Sup. at S-59; WFMBS Pros. Sup. at S-37. Defendants do not cite anything in their notice of removal to show that American Home Mortgage actually originated any loans in the collateral pools of these trusts. Schwab Corporation assumes that defendants will make such a showing in their opposition to this motion.

**PLAINTIFF'S MOTION TO REMAND**                                                                                              (No. CV-10-4030-SI)
-5-

1    Under *Pacor* and *Fietz*, Schwab Corporation's action is not "related to" a bankruptcy

2 proceeding. In *Pacor*, the Third Circuit considered whether a suit for damages for plaintiff's

3 exposure to asbestos supplied by Pacor, a distributor of chemical supplies, was "related to" the

4 bankruptcy of the original manufacturer of the asbestos. The court concluded that the action could

5 have no conceivable effect on the bankruptcy estate of the original manufacturer because it was,

6 "[a]t best, a mere precursor to the potential third party claim for indemnification . . . . [A]ny

7 judgment received by the plaintiff [] could not itself result in even a contingent claim against [the

8 original manufacturer], since Pacor would still be obligated to bring an entirely separate

9 proceeding to receive indemnification." *Pacor*, 743 F.2d at 995. In *In re Federal-Mogul Global,*

10 *Inc.*, 300 F.3d 368 (3d Cir. 2002), the Third Circuit clarified its prior holding in *Pacor* that an

11 action is "related to" a bankruptcy only if it could conceivably have a *direct effect* on the

12 bankruptcy estate, without the need for a subsequent lawsuit.

> The test articulated in *Pacor* for whether a lawsuit could "conceivably" have an effect on the bankruptcy proceeding inquires whether the allegedly related lawsuit would affect the bankruptcy proceeding without the intervention of another lawsuit. Therefore, *because any indemnification claims* that [defendants] might have against Debtors have not yet accrued and *would require another lawsuit before they could have an impact on [the debtor's] bankruptcy proceeding, [the district court did not err in concluding that it lacked "related to" jurisdiction]*.

17 *Id.* at 382 (emphasis added); *see also Steel Workers Pension Trust v. Citigroup, Inc.*, 295 B.R.

18 747, 753 (E.D. Pa. 2003) ("[N]ot all indemnification agreements between a defendant in a civil

19 action and a non-party bankrupt debtor create 'related to' jurisdiction under § 1334(b). Only when

20 the right to indemnification is established and is not contingent on the filing of a separate action is

21 the case related to the bankruptcy proceeding. Thus, in performing the 'related to' jurisdiction

22 analysis, the indemnification contract must be examined.").

23    Precisely the same reasoning applies to the indemnity and contribution claims that

24 defendants might be able to assert against American Home. Wells Fargo argues that, if a

25 judgment is entered against it in this action, it will be entitled to seek "contribution and/or

26 indemnification" from American Home. No judgment in this action, however, could "itself result

27 in even a contingent claim against" a bankrupt originator because defendants still would be

28 "obligated to bring an entirely separate proceeding" against the bankrupt estates to prove that they

**PLAINTIFF'S MOTION TO REMAND**                                              (No. CV-10-4030-SI)
-6-

1 are entitled to indemnity or contribution. *Pacor*, 743 F.2d at 995.

2 That is particularly true in this case. As discussed above, the single bankrupt originator that Wells Fargo refers to is responsible for a very small percentage of the mortgage loans in less than six percent of the trusts in this action. To prove its case, Schwab Corporation will have to convince a jury that defendants made at least one material untrue or misleading statement about the mortgage loans in each trust. Because each of the two trusts that Wells Fargo claims are "related to" a bankruptcy had more than one originator, to seek indemnity from a bankrupt originator Wells Fargo will need, at the very least, another litigation to demonstrate that the liability it incurred was based on the few loans that American Home contributed to the trust, and not the far larger number of loans contributed by other, non-bankrupt originators. Moreover, to succeed in that subsequent lawsuit against American Home, Wells Fargo will be forced to argue that there *were* untrue or misleading statements in the prospectus supplements about the loans sold into the trusts by American Home. That will be a difficult argument for Wells Fargo to make because it will have argued vehemently to the contrary in defending itself in this action.

In short, nothing about defendants' rights to indemnity or contribution is automatic or direct. Defendants will have to allege and prove that their liability is related to a material misstatement or omission made by a bankrupt originator. That task will require, at a minimum, precisely the kind of "entirely separate proceeding" that caused the Third Circuit in *Pacor* to conclude that the action was not "related to" a bankruptcy proceeding.

### C. Even If This Action Were "Related to" Bankruptcy Proceedings, The Court Should Remand It on Equitable Grounds.

Even if the Court were to conclude that this action is "related to" a bankruptcy under Section 1334(b), still the action should be remanded on equitable grounds. The bankruptcy removal statute, 28 U.S.C. § 1452, provides that "[t]he court to which such claim or cause of action is removed [as 'related to' a bankruptcy proceeding] may remand such claim or cause of action on any equitable ground." Courts have held that "[a]ny equitable ground" provides an "unusually broad grant of authority," which "subsumes and reaches beyond all of the reasons for remand under the nonbankruptcy removal statutes." *In re Roman Catholic Bishop of San Diego*,

374 B.R. 756, 761 (Bankr. S.D. Cal. 2007).

Courts in the Ninth Circuit consider several factors in determining whether to remand on equitable grounds, including:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court.

*See Parke v. Cardsystems Solutions, Inc.*, No. C 06-04857 WHA, 2006 WL 2917604, at *4-*5 (N.D. Cal. Oct. 11, 2006) (granting equitable remand based on predominance of state law issues, lack of relatedness between the action and the bankruptcy estate, comity, and judicial economy); *see also Williams v. Shell Oil Co.*, 169 B.R. 684, 692-94 (S.D. Cal. 1994) (granting equitable remand).

All of these equitable factors weigh heavily in favor of remand in this action. As discussed in detail above, this action will have no direct effect on any bankruptcy estate (factors 1 and 5). Even if the Court were to conclude under the broadest possible reading of *Pacor* that this action could have a remote, "conceivable" effect on a bankruptcy case, still the remoteness of this claim to the bankruptcy estate to which it allegedly is "related" and the small percentage of loans in these trusts that are even arguably related to a bankrupt originator both weigh heavily in favor of remand. Moreover, state law claims clearly "predominate" in this case (factors 2 and 3); indeed, the only claims in this action that are not state law claims are claims under the 1933 Act, which are expressly nonremovable under Section 22(a).

Finally, Schwab Corporation is the plaintiff in two related actions that are pending in California state court, *The Charles Schwab Corp. v. J.P. Morgan Securities Inc.*, No. CGC 10-503206 (Cal. Super. Ct. filed Sept. 2, 2010); *The Charles Schwab Corp. v. J.P. Morgan Securities Inc.*, No. CGC 10-503207 (Cal. Super. Ct. filed Sept. 2, 2010), and one action in this Court that Schwab Corporation has also moved to remand to state court, *The Charles Schwab Corp. v. Banc of America Securities LLC*, No. CV-10-3489 LHK (N.D. Cal. filed June 29, 2010). If this action were to remain in federal court while the other actions remain in or are remanded to state court, Schwab Corporation will be forced to litigate these substantially similar actions on two separate

1  fronts. And if the action that remains in federal court is transferred to a federal court in a different
2  district (by the Judicial Panel on Multidistrict Litigation), then Schwab Corporation would be
3  forced to litigate the action in two separate courts in different states. This would substantially
4  increase the costs of litigation for Schwab Corporation and require two court systems separately
5  to administer actions that would most efficiently be managed together. Worse, dividing the cases
6  in this manner would create a serious risk of inconsistent verdicts (factor 4), which could easily
7  be avoided by remanding this action to state court on equitable grounds. *See Western Helicopters,*
8  *Inc. v. Hiller Aviation, Inc.*, 97 B.R. 1, 7 (E.D. Cal. 1988) ("In addition to the unnecessary
9  expense and expenditure of duplicative judicial resources, bifurcating this civil claim creates the
10  real danger of inconsistent results. Such a risk should be avoided if there are no countervailing
11  benefits.").

12  Indeed, a district court in Seattle recently granted equitable remand in two actions that are
13  substantially identical to this case. The Federal Home Loan Bank of Seattle sued Barclays Capital
14  and Deutsche Bank based on its purchase of certificates in residential mortgage-backed
15  securitizations. Defendants removed the actions to federal court and argued that the actions were
16  related to the bankruptcy of certain originators of mortgage loans in the trusts on which the
17  Seattle Bank was suing. The court remanded the cases on equitable grounds for precisely the
18  reasons discussed above. Order of Remand, Sept. 1, 2010, *Federal Home Loan Bank of Seattle v.*
19  *Barclays Capital Inc.*, No. C10-0139 RSM, 2010 WL 3662345, at *7 (W.D. Wash. Sept. 1,
20  2010); *Federal Home Loan Bank of Seattle v. Deutsche Bank Securities, Inc.*, No. C10-0140
21  RSM, 2010 WL 3512503, at *7 (W.D. Wash. Sept. 1, 2010). In particular, the court relied on the
22  fact that "[t]his action involves no 'core' matters, implicates only state law, and is substantially
23  similar to Plaintiff's [] other [] actions." *Id.* Schwab Corporation respectfully submits that this
24  Court should reach the same conclusion in this action.

25  **II.   UNDER SECTION 22(A) OF THE SECURITIES ACT OF 1933, REMOVAL
          OF THIS ACTION WAS IMPROPER.**
26

27  The Amended Complaint pleads claims under Sections 11, 12, and 15 of the 1933 Act.
28  Section 22(a) of the Act expressly prohibits the removal of any case that pleads a claim under the

**PLAINTIFF'S MOTION TO REMAND**                                                (No. CV-10-4030-SI)
                                              -9-

Act.

> Except as provided in section 77p(c) of this title, *no case arising under this subchapter and brought in any State court of competent jurisdiction shall be removed to any court of the United States*. 28 U.S.C. § 77v(a) (Emphasis added).

This action includes claims that arise under "this subchapter," that is, Chapter 77 of Title 15, in which the 1933 Act is codified, and this case was brought in a state court of competent jurisdiction. Thus, the Court need not decide whether it would have had subject-matter jurisdiction of this action if the action had been filed in federal court. Schwab Corporation chose to file its action in state court, and the action must be remanded because defendants removed it in violation of Section 22(a).

Defendants argue that Section 1452 of Title 28 authorizes the removal of this action because it is purportedly related to a federal bankruptcy proceeding. But Section 1452 does not permit removal in the face of the express prohibition on removal in Section 22(a). The Ninth Circuit recently held that, under basic principles of statutory construction, the very specific anti-removal provision of the 1933 Act takes precedence over more general removal provisions like Section 1452. *Luther v. Countrywide Home Loans Servicing LP*, 533 F.3d 1031, 1034 (9th Cir. 2008). Defendants in *Luther* removed that action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). *Id.* at 1033. Defendants argued that CAFA permitted removal even though the case included non-removable claims under the 1933 Act. The Ninth Circuit disagreed. Relying on the "basic principle of statutory construction that a statute dealing with a narrow, precise, and specific subject is not submerged by a later enacted statute covering a more generalized spectrum," the Ninth Circuit held that the anti-removal provision of the 1933 Act takes precedence over the removal provision of CAFA. The court reasoned that the anti-removal provision of the 1933 Act "applies to the narrow subject of securities cases" and "more precisely applies only to claims arising under the Securities Act of 1933," whereas the removal provision of CAFA "applies to a 'generalized spectrum' of class actions." *Id.*

Precisely the same reasoning applies here. As with CAFA, related-to-bankruptcy removal applies to a "generalized spectrum" of all cases, regardless of subject matter, that could have a direct impact on a bankrupt estate. Therefore, under the reasoning of the Ninth Circuit in *Luther*,

**PLAINTIFF'S MOTION TO REMAND**  (No. CV-10-4030-SI)
-10-

the very specific exception to removal jurisdiction carved out by Section 22(a) takes precedence over Section 1452. Indeed, courts in other circuits have held that Section 22(a) prohibits removal under Section 1452(a). *See City of Birmingham Ret. & Relief Fund v. Citigroup, Inc.*, No. CV-03-BE-0994-S, 2003 WL 22697225, at *3 (N.D. Ala. Aug. 12, 2003); *Tenn. Consol. Ret. Sys. v. Citigroup, Inc.*, No. 3:03-0128, 2003 WL 22190841, at *3 (M.D. Tenn. May 9, 2003) (quoting *Bulova Watch Co. v. United States*, 365 U.S. 753, 758 (1961) ("[A] specific statute controls over a general one without regard to priority of enactment.")).

Thus, removal under Section 1452 was improper.

## CONCLUSION

"The party asserting jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001); *see also Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986). Moreover, there is a "strong presumption against removal," *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1089 (C.D. Cal. 2005) (internal quotation marks and citations omitted), *aff'd*, 446 F.3d 1011 (9th Cir. 2006), and "any doubt about the right of removal is resolved in favor of remand." *In re Edward Jones Holders Litigation*, 453 F. Supp. 2d 1210, 1212 (C.D. Cal. 2006). For the reasons argued above, defendants cannot prove that this action is properly in federal court. The Court therefore should remand this action to state court.

Dated: October 1, 2010

GOODIN, MACBRIDE, SQUERI,
DAY & LAMPREY, LLP

By: /s/ Robert A. Goodin
     Robert A. Goodin

LOWELL HAKY

GRAIS & ELLSWORTH LLP

Attorneys for Plaintiff
The Charles Schwab Corporation

**PLAINTIFF'S MOTION TO REMAND** (No. CV-10-4030-SI)

-11-

2  3435/001/X122666.v1

**PLAINTIFF'S MOTION TO REMAND**  -1-  (No. CV-10-3489-SI)