1  MARC T.G. DWORSKY (SBN 157413)
   Marc.Dworsky@mto.com
2  JAMES C. RUTTEN (SBN 201791)
   James.Rutten@mto.com
3  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue, 25th floor
4  Los Angeles, CA  90071-1560
   Telephone:    (213) 683-9100
5  Facsimile:    (213) 687-3702

6  JEROME C. ROTH (SBN 159483)
   Jerome.Roth@mto.com
7  DAVID H. FRY (SBN 189276)
   David.Fry@mto.com
8  CAROLYN V. ZABRYCKI (SBN 263541)
   Carolyn.Zabrycki@mto.com
9  MUNGER, TOLLES & OLSON LLP
   560 Mission Street,  27th floor
10 San Francisco, CA 94105-2907
   Telephone:    (415) 512-4000
11 Facsimile:    (415) 512-4077

12 Attorneys for Defendants
   WELLS FARGO DEFENDANTS
13

14                    UNITED STATES DISTRICT COURT

15                    NORTHERN DISTRICT OF CALIFORNIA

16

17 THE CHARLES SCHWAB                    CASE NO.  10-04030 (SI)
   CORPORATION,
18                                       **REQUEST FOR JUDICIAL NOTICE IN**
                Plaintiff,                **SUPPORT OF WELLS FARGO**
19                                       **DEFENDANTS' MOTION TO SEVER**
         vs.
20                                       DATE:    December 20, 2010
   BNP PARIBAS SECURITIES CORP.; *et*    TIME:    2:30 p.m.
21 *al.*                                 CTRM:    10

22              Defendants.

23

24

25

26

27

28                                                   REQUEST FOR JUDICIAL NOTICE ISO
                                                                  MOTION TO SEVER
                                                            CASE NO. 10-04030 (SI)

# REQUEST FOR JUDICIAL NOTICE

Pursuant to Federal Rule of Evidence 201, defendants Wells Fargo Asset Securities Corporation and Wells Fargo Bank, N.A. (collectively, "Wells Fargo") respectfully request that the Court take judicial notice of the documents filed herewith as Exhibits 1-8 to this request.

Federal Rule of Evidence 201 authorizes federal courts to take judicial notice of documents that are "not subject to reasonable dispute [and] . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." FED. R. EVID. 201. Wells Fargo respectfully requests that the Court take judicial notice of the documents filed herewith as Exhibits 1-8 to this request. These documents fall into three categories:

(1)   Documents referenced in the Amended Complaint ("Complaint");

(2)   Filings made with the Securities and Exchange Commission ("SEC"); and

(3)   Pleadings filed in other courts.

All of these matters are properly the subject of judicial notice.

### A.   Documents Referenced in the Complaint

It is well settled—particularly in the context of federal securities actions—that "[d]ocuments whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered" by a court. *In re Stac Elecs. Sec. Litig.*, 89 F.3d at 1405 n.4; *see also In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (holding that when plaintiffs rely on documents in formulating securities complaints, "'[plaintiffs] can hardly complain when [defendants] refer to the same information in their defense'" (quoting the district court in *Silicon Graphics*)); *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295-96 (9th Cir. 1998) (examining prospectus and holding that courts "are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint"); *Cont'l D.I.A. Diamond Prods., Inc. v. Dong Young Diamond Indus.*, 2009 WL 330948, at *3 n.2 (N.D. Cal. Feb. 10, 2009) (granting judicial notice because "a trial court 'may consider documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading'").

Wells Fargo first requests judicial notice of the Prospectus and Prospectus Supplement for five of the trusts listed in the Schedules to the Amended Complaint. Because each Prospectus and Prospectus Supplement for each trust totals approximately 200 pages, Wells Fargo has submitted a CD containing true and correct copies of these documents rather than attaching copies hereto. These documents are:

<u>Exhibit 1</u>: A true and correct copy of the Prospectus and Prospectus Supplement for Wells Fargo Mortgage Backed Securities 2006-AR3 Trust, dated February 23, 2006.

<u>Exhibit 2</u>: A true and correct copy of the Prospectus and Prospectus Supplement for Wells Fargo Mortgage Backed Securities 2006-AR7 Trust, dated April 19, 2006.

<u>Exhibit 3</u>: A true and correct copy of the Prospectus and Prospectus Supplement for Wells Fargo Mortgage Backed Securities 2007-8 Trust, dated June 27, 2007.

<u>Exhibit 4</u>: A true and correct copy of the Prospectus Supplement for Citigroup Mortgage Pass-Through Certificates Series 2005-9, dated November 29, 2005.

<u>Exhibit 5</u>: A true and correct copy of the Prospectus Supplement for Residential Accredit Loan, Inc. Series 2006-QA2 Trust, dated February 24, 2006.

**B.     SEC Filings**

Wells Fargo also seeks judicial notice of SEC filings. In securities actions, courts commonly take judicial notice of SEC filings. "Public records, such as SEC filings, are properly the subject of judicial notice, and routinely considered . . . a securities case." *In re Extreme Networks, Inc. S'holder Derivative Litig.*, 573 F. Supp. 2d 1228, 1231 n.2 (N.D. Cal. 2008); *see also Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (approving of court's review of SEC filings on motion to dismiss); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (Court may consider "any matter subject to judicial notice, such as SEC filings."); *In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, 2009 WL 3246994, at *4 (W.D. Wash. Oct. 5, 2009) ("A court may also take judicial notice of public documents filed with the SEC."); *In re New Century*, 588 F. Supp. 2d 1206, 1219 (C.D. Cal. 2008) ("It is well-established that courts may take judicial notice of SEC filings.").

On this basis, Wells Fargo seeks judicial notice of each of the Prospectuses and Prospectus Supplements referenced above.

### C. Pleadings Filed in Other Courts

Wells Fargo also requests that the Court take judicial notice of pleadings filed by Plaintiff in other courts. In federal securities actions, courts routinely take judicial notice of pleadings filed in other courts indicating that the plaintiff is relying on boilerplate allegations. *See In re Silicon Graphics*, 183 F.3d at 984 n. 13 (noting with approval that court took judicial notice that plaintiff's counsel filed five other securities class actions "contain[ing] the same boilerplate allegations"); *Alvara v. Aurora Loan Servs, Inc.*, 2009 WL 2252825, at *1 (N.D. Cal. July 28, 2009) (taking judicial notice of plaintiff's submission of "boilerplate" papers in other proceedings); *In re Splash Tech. Holdings, Inc. Sec. Litig.*, 2000 WL 1727377, at *21 n.14 (N.D. Cal. Sept. 29, 2000) (taking judicial notice of parallel allegations in other complaints in unrelated securities actions).

Exhibit 6: A true and correct copy of the amended complaint, filed July 27, 2010, in *The Charles Schwab Corp. v. Banc of America Securities LLC*, No. CV-10-3489 LHK (N.D. Cal. filed June 29, 2010).

Exhibit 7: A true and correct copy of the complaint in *The Charles Schwab Corp. v. J.P. Morgan Securities Inc.*, No. CV-10-04523 BZ (N.D. Cal. filed Sept. 2, 2010) (removed to federal court Oct. 6, 2010).

Exhibit 8: A true and correct copy of the complaint in *The Charles Schwab Corp. v. J.P. Morgan Securities Inc.*, No. CV-10-04522 (N.D. Cal. filed Sept. 2, 2010) (removed to federal court Oct. 6, 2010).

1  DATED: October 7, 2010              MUNGER, TOLLES & OLSON LLP
                                         MARC T.G. DWORSKY
2                                        JEROME C. ROTH
                                         DAVID H. FRY
3                                        JAMES C. RUTTEN
                                         CAROLYN V. ZABRYCKI
4

5                                      By:      */s/ David H. Fry*
                                                   DAVID H. FRY
6

7                                      Attorneys for Defendants
                                       WELLS FARGO DEFENDANTS

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28