GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
ROBERT A. GOODIN, State Bar No. 061302
　　rgoodin@goodinmacbride.com
FRANCINE T. RADFORD, State Bar No. 168269
　　fradford@goodinmacbride.com
ANNE H. HARTMAN, State Bar No. 184556
　　ahartman@goodinmacbride.com
505 Sansome Street, Suite 900
San Francisco, California 94111
Telephone:　(415) 392-7900
Facsimile:　(415) 398-4321

THE CHARLES SCHWAB CORPORATION
LOWELL HAKY, State Bar No. 178526
211 Main Street
San Francisco, California 94105
Telephone:　(415) 667-0622
Facsimile:　(415) 667-1638

GRAIS & ELLSWORTH LLP
DAVID J. GRAIS
　　dgrais@graisellsworth.com
KATHRYN C. ELLSWORTH
　　kellsworth@graisellsworth.com
OWEN L. CYRULNIK
　　ocyrulnik@graisellsworth.com
LEANNE M. WILSON
　　lwilson@graisellsworth.com
40 East 52nd Street
New York, New York 10022
Telephone:　(212) 755-0100
Facsimile:　(212) 755-0052

Attorneys for Plaintiff
The Charles Schwab Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THE CHARLES SCHWAB CORPORATION,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>BNP PARIBAS SECURITIES CORP., *et al.*,<br><br>　　　　　Defendants. | No. CV-10-4030 SI<br><br>**PLAINTIFF'S REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ITS MOTION TO REMAND**<br><br>Date:　February 25, 2011<br>Time:　9:00 a.m.<br>Dept.　Courtroom 10, 19th Floor |

Only two of the 27 defendants in this case (Wells Fargo Asset Securities Corporation and Wells Fargo Bank, N.A.) have asserted that there is any basis of federal jurisdiction. That asserted basis of jurisdiction is a tangential connection between this action and the bankruptcy case of a single originator (American Home) of a miniscule fraction of the mortgage loans that back the securities that The Charles Schwab Corporation is suing on. This Court lacks related-to-bankruptcy jurisdiction because the plan of liquidation of American Home recently went into effect, so Wells Fargo must now show a close nexus between this action and American Home's plan of liquidation – which Wells Fargo has made no attempt to show – not merely that this action could conceivably have an effect on American Home's bankruptcy estate. More important, if ever there were an action that cried out for equitable remand, this is the one. American Home originated 262 out of 4,741 loans (5.5%) in *one* of the 36 trusts in this action, so few that Wells Fargo did not even disclose in its SEC filings that American Home had originated any of the loans in that trust. Those 262 loans are only 0.37% of the 70,872 loans in all 36 securitizations that Schwab has sued on. Thus, fully 99.63% of the loans in this action were made by non-bankrupt originators. Just a few weeks ago, Judge Conti equitably remanded a nearly identical action brought by the Federal Home Loan Bank of San Francisco against many of the same defendants, with a much larger proportion of loans originated by now-bankrupt originators. Federal courts in Chicago and Seattle have done the same. Schwab respectfully requests that this Court now also do the same and remand this action to state court.

**ARGUMENT**

**I.   THIS ACTION IS NOT "RELATED TO" A BANKRUPCTY PROCEEDING.**

Wells Fargo argues that it has a contractual right to indemnity from American Home, which is now bankrupt, so this action "could conceivably have an[] effect" on American Home's bankruptcy estate, so Schwab's claims are "related to" a bankruptcy case and thus subject to federal jurisdiction under 28 U.S.C. § 1334(b).[1] Nearly two months before Wells Fargo filed its

---

[1] Schwab argued in its opening brief that "removal was improper because Schwab Corporation has pleaded claims under the Securities Act of 1933. Section 22(a) of the 1933 Act provides that 'no case arising under [the 1933 Act] and brought in any State court of competent jurisdiction shall be removed to any court of the United States." (Schwab Opening Br. 2.) In *Federal Home Loan Bank of San Francisco v. Deutsche Bank*
*(footnote continued)*

**PLAINTIFF'S REPLY MEMORANDUM** (No. CV-10-4030-SI)
-1-

brief in opposition to this motion, however, the plan of liquidation of American Home went into effect (the Bankruptcy Court having approved it in early 2009).[2] Related-to-bankruptcy jurisdiction therefore now exists only if Wells Fargo can demonstrate a "close nexus"[3] between this action and American Home's actual plan of liquidation, that is, that this action will have an impact on "the interpretation, implementation, consummation, execution, or administration of the confirmed plan." *See In re Ray*, 624 F.3d 1124, 1135-36 (9th Cir. 2010) (citing *In re Pegasus Gold Corp.*, 394 F.3d 1189, 1194 (9th Cir. 2005) (the "close nexus" test applies to post-confirmation actions); *In re Valdez Fisheries Development Ass'n*, 439 F.3d 545, 548 (9th Cir. 2006) (holding no "close nexus" because "bankruptcy court has no role in the resolution of the . . . dispute, and it is involved only fortuitously"). Even if this action satisfies the more lenient standard that applies before confirmation, Wells Fargo has not established any possible "close nexus" between this action and the plan of liquidation of American Home.

## II. EVEN IF THIS ACTION WERE "RELATED TO" THE BANKRUPTCY OF AMERICAN HOME, THE COURT SHOULD REMAND IT ON EQUITABLE GROUNDS.

If this action meets the standard for related-to-bankruptcy jurisdiction, it does so by the slimmest of margins. This action, therefore, is precisely what Congress must have had in mind when it provided in 28 U.S.C. § 1452(b) for the equitable remand of actions that are in federal court based only on related-to-bankruptcy jurisdiction. The parties agree on the factors that courts in the Ninth Circuit consider to decide whether to remand an action on equitable grounds.[4] Nor is

---

*Securities, Inc.*, No. 10-3039 SC, 2010 WL 5394742, at *5-6 (N.D. Cal. Dec. 20, 2010), Judge Conti held that Section 22(a) does not bar removal on related-to-bankruptcy grounds. Schwab has elected to withdraw its argument based on Section 22(a) in this action.

[2] On November 25, 2008, AHM filed an Amended Plan of Liquidation, which was amended on February 18, 2009, and confirmed by the Bankruptcy Court for the District of Delaware on February 23, 2009. On November 20, 2010, the plan went into effect and became binding on all holders of claims against the debtors that arose before or were filed as of that date. *In re American Home Mortgage Holdings Inc.*, No. 07-11047-CSS.

[3] Wells Fargo notes that Schwab did not argue in its opening brief that the "close nexus" test should apply in this action, but instead argued that this action would have no "conceivable effect" on the bankruptcy of American Home. (Wells Fargo Br. 5 n. 5.) But that was before the plan of liquidation went into effect. Obviously, Schwab cannot be precluded from pointing out that the standard that must be applied has changed based on events that occurred after it filed its opening brief.

[4] Those factors include: (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the
*(footnote continued)*

**PLAINTIFF'S REPLY MEMORANDUM** (No. CV-10-4030-SI)

there any dispute that Section 1452(b) affords "an unusually broad grant of authority," *In re Roman Catholic Bishop*, 374 B.R. 756, 761 (Bankr. S.D. Cal. 2007), and that "[a]ny one of the seven relevant factors may provide a sufficient basis for equitable remand," *Fed. Home Loan Bank of Seattle v. Barclays Capital, Inc.*, No. C10-0139 RSM, 2010 WL 3662345, at *7 (W.D. Wash. Sept. 1, 2010) (citing *Browning v. Navarro*, 743 F.2d 1069, 1077 (5th Cir. 1984)). These factors weigh overwhelmingly in favor of equitable remand.

Factor 1 is the effect of this action on the bankrupt estate. Now that Schwab has clarified that it will not present evidence that Wells Fargo made untrue or misleading statements about any loans from American Home, Wells Fargo will have no claim for indemnity under the plan of liquidation of American Home. Wells Fargo says that Schwab's representation "fails legally and factually" (Wells Fargo Br. 9), as though it were some illegitimate maneuver to avoid federal jurisdiction, rather than a clarification of Schwab's intention when it filed its Amended Complaint. But Wells Fargo omits that the loans that it purchased from American Home were so few that Wells Fargo did not disclose them in its SEC filings, so Schwab had no way to know of them until Wells Fargo disclosed them for the first time in its notice of removal of this action.[5] Even if Wells Fargo is right that "jurisdiction" must be judged as of the time of removal, that is not true for equitable remand. To the contrary, the Court may consider any equitable factors, and there is no reason why Schwab's representation – and the resulting termination of Wells Fargo's claim for indemnity – should not be one of them.

Factor 4 is the relatedness or remoteness of this action from the bankruptcy case. Wells Fargo is asking the Court to bootstrap into federal court Schwab's claims against the other 25 defendants on the other 35 securitizations based on the remote connection of 262 loans to the

---

relatedness or remoteness of the action to the bankruptcy case; (6) the existence of a right to a jury trial; and (7) prejudice to the party involuntarily removed from state court. *Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006).

[5] Indeed, even Wells Fargo itself apparently was confused until very recently about the number of loans that American Home originated. Although Wells Fargo originally asserted related-to-bankruptcy jurisdiction based loans in two trusts – WFMBS 2006-AR3 and WFMBS 2007-8 – Wells Fargo has since abandoned this argument with respect to WFMBS 2006-AR3. (*See* Wells Fargo Br. 4 n.3) (noting that Wells Fargo did not purchase any loans in WFMBS 2006-AR3 from American Home pursuant to the contract containing the indemnity contract).

GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP
ATTORNEYS AT LAW
SAN FRANCISCO

bankruptcy of American Home. Wells Fargo argues that "[b]etween the significant value of the certificate Plaintiff purchased and the attorneys' fees this case has and will generate, Wells Fargo's indemnity claim against American Home could be substantial." (Wells Fargo Br. 13.) But even if its indemnity claim could somehow survive Schwab's representation that it will not present evidence about the few loans from American Home, Wells Fargo omits that those loans represent *less than one-half of one percent* of the loans in the 36 securitizations in this action. This is precisely what Judge Shadur of the Northern District of Illinois was referring to when he held a few weeks ago under virtually the same circumstances that "the prospect that a few of the defendants may have such a potential basis for invoking [related-to-bankruptcy] federal jurisdiction in a couple of the situations targeted by Bank's enormous complaint cannot serve as a very small jurisdictional tail that can wag the very large jurisdictional dog of this lawsuit as a whole." *Fed. Home Loan Bank of Chi. v. Banc of Am. Funding Corp.,* No. 17 C 7560, 2011 WL 151842, at *3 (N.D. Ill. Jan. 18, 2011).

The other factors also favor equitable remand of this action. Schwab has pleaded claims only under state law and the 1933 Act. (Because Congress made 1933 Act claims non-removable, they are the equivalent of state law claims for purposes of weighing the equities on a motion to remand.[6]) Moreover, Schwab filed three other, similar actions in state court, all of which were removed to federal court, and all of which Schwab has moved to remand. Wells Fargo does not dispute that if any of those cases is remanded, there would be substantial inefficiency and prejudice to Schwab if the Court were to keep jurisdiction over this action in federal court.

Based on nearly identical facts, Judge Conti of this Court, Judge Shadur of the Northern District of Illinois, and Judge Martinez of the Western District of Washington all concluded that the equities favored remand. *See Fed. Home Loan Bank of S.F. v. Deutsche Bank Secs.*, No. 10-3039 SC, 2010 WL 5394742, at *11-13 (N.D. Cal. Dec. 20, 2010); *Fed. Home Loan Bank of Chi.*, 2011 WL 151842, at *3; *Barclays*, 2010 WL 3662345, at *7; *Fed. Home Loan Bank of Seattle v. Deutsche Bank Secs., Inc.*, No. C10-1040 RSM, 2010 WL 3512503, at *6-7 (W.D. Wash. Sept. 1,

---

[6] *See Fed. Home Loan Bank of S.F.*, 2010 WL 5394742, at *13.

**PLAINTIFF'S REPLY MEMORANDUM** (No. CV-10-4030-SI)
-4-

2010). In *Federal Home Loan Bank of San Francisco*, Judge Conti considered the same American Home bankruptcy that Wells Fargo relies on here and found several compelling equitable reasons to remand the actions.[7]

- Judge Conti found it "clear" that the actions had only a "remote connection to the bankruptcy proceedings," particularly because American Home originated only a small fraction of the loans in the trusts involved. *Id.* at *11-12.

- Although the Federal Home Loan Bank of San Francisco had asserted both state and federal law claims, Judge Conti reasoned that "the only federal law claims are ones that Congress has provided are not removable if brought in state court. Accordingly, the interests of comity warrant remanding this case to state court." *Id.* at *13 (citations omitted).

- "[T]he vast majority of the mortgage loans in the trusts" involved in the FHLB case "were underwritten by entities that were not in bankruptcy." *Id.* Similarly here, more than 99.6% of the loans in this case were originated by non-bankrupt entities.

This Court too should conclude, as Judge Conti did, that even if this action could have some "close nexus" to the plan of liquidation of American Home, the equities heavily favor remand.

## CONCLUSION

For the reasons argued above and in Schwab's opening brief, Wells Fargo cannot prove – as it has the burden to prove – that this action is properly in federal court. The Court therefore should remand this action to state court.

Dated: February 11, 2010

GOODIN, MACBRIDE, SQUERI, DAY & LAMPREY, LLP

By: /s/ Robert A. Goodin
    Robert A. Goodin

LOWELL HAKY

GRAIS & ELLSWORTH LLP

Attorneys for Plaintiff
The Charles Schwab Corporation

3435/001/X126528.v1

---

[7] As discussed in Schwab's opening brief, Judge Martinez relied on similar reasoning in remanding FHLB Seattle's actions. (Schwab Opening Br. 8-9.)