United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CHARLES SCHWAB CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>BNP PARIBAS SECURITIES, *et al.*,<br><br>  Defendants. | No. C 10-04030 SI<br><br>**ORDER GRANTING MOTION TO REMAND AND REMANDING ACTION TO SAN FRANCISCO SUPERIOR COURT** |

Currently before the Court is plaintiff's motion to remand. The motion is scheduled for hearing on February 25, 2011. Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument, and VACATES the hearing. Having considered the papers submitted, and for good cause shown, the Court GRANTS plaintiff's motion to remand.

**BACKGROUND**

This case stems from plaintiff's $1.38 billion purchase of 37 certificates in 36 securitization trusts backed by residential mortgage loans. Amended Complaint, ¶ 1, Docket No. 1 (Notice of Removal). Plaintiff now claims that defendants made numerous untrue and misleading statements to Schwab about the certificates and the credit quality of the mortgage loans that backed them. *Id.* Plaintiff filed this suit in San Francisco County Superior Court against twenty seven defendants, asserting claims under the California Corporate Securities Act (§§ 25401 and 25501), under the Securities Act of 1933 (§§ 11, 12(a)(2),15), for negligent misrepresentation (Cal. Civl Code §§ 1572, 1709), and for rescission of contract (Cal. Civ. Code §§ 1689, 1710).

On September 8, 2010, defendants Wells Fargo Bank, N.A. and Wells Fargo Asset Securities

Corporation (Wells Fargo) removed the action to this Court under 28 U.S.C. § 1452(a) and 28 U.S.C. § 1334, asserting that this action "relates to" bankruptcy proceedings in *In re American Home Mortgage Holdings, Inc*., Case No. 07-11047 ("AHM"), pending in the bankruptcy court in the Eastern District of Delaware. Notice of Removal, ¶¶ 9, 13. Specifically, Wells Fargo asserts that 262 of the loans in one of the trusts issued by Wells Fargo were originated by AHM, and pursuant to an indemnity agreement AHM is required to indemnify Wells Fargo for claims relating to alleged misstatements or omissions about those loans. *Id*., ¶¶ 8, 10-12; *see also* Opposition at 4.[1] Wells Fargo asserts that is has filed a proof of claim in the AHM bankruptcy proceedings that relates specifically to this case and seeks indemnity on the claims plaintiff asserts here. Oppo. at 5; Declaration of James C. Rutten, Ex. 1. The other defendants joined or consented to Wells Fargo's Notice of Removal.

Plaintiff now moves to remand this action to Superior Court, arguing that removal jurisdiction does not exist on these facts where Wells Fargo cannot prove that this case will have any impact on AHM's now-confirmed plan of liquidation in bankruptcy court. Plaintiff also argues that even if removal jurisdiction exists, the connection of this action to the bankruptcy proceedings is remote, since AHM's loans constitute only 5.5% of the loans in one out of the 36 trusts in this action, so in light of the significant comity concerns, the action should be remanded as a matter of equity.[2]

## LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and a cause of action is presumed to lie outside this limited jurisdiction until the party asserting jurisdiction establishes the contrary. *Kokkonen v.*

---

[1] In its notice of removal, Wells Fargo asserted that AHM originated loans in two of the three trusts issued by Wells Fargo, but in its opposition, Wells Fargo clarifies that while two of the Wells Fargo trusts contained loans originated by AHM, only the loans in one of the trusts – Wells Fargo Mortgage Backed Securities Trust 2007-8 – are covered by a contractual indemnity agreement. *See* Oppo. at 4 & n.3. Wells Fargo also clarified that Wells Fargo Funding, Inc. purchased the loans from AHM but then transferred them, along with the contractual rights, to Wells Fargo Bank, N.A. *Id*., at n. 4.

[2] Plaintiff also argued in its motion to remand that removal violated Section 22(a) of the Securities Act of 1933. *See* Motion to Remand at 9-11. However, after Judge Conti rejected that argument in *Fed. Home Loan Bank of San Francisco v. Deutsche Bank Secs*., Case No. 10-3039 SC, 2010 U.S. Dist. LEXIS 138564 (N.D. Cal. Dec. 20, 2010), Schwab abandons this argument in its Reply. *See* Plaintiff's Reply at 1, fn. 1.

*Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A defendant may remove an action from state court if it could have originally been brought in federal court. 28 U.S.C. § 1441. The defendant has the burden of establishing that removal is proper. *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992).

## DISCUSSION

### I. "Related to" Jurisdiction

Under 28 U.S.C. § 1452, a party may remove a claim to the district court if the district court has jurisdiction under 28 U.S.C. § 1334. Section 1334 establishes original jurisdiction over proceedings "related to cases under title 11." 28 U.S.C. § 1334(b). A proceeding is related to a bankruptcy case where "'*the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy*,'" meaning that "'the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate.'" *In re Fietz*, 852 F.2d 455, 457 (9th Cir. 1988) (quoting *Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1984) (emphasis in original)).

However, once a bankruptcy plan has been confirmed, the broad scope of "related to" jurisdiction is necessarily more limited. At that point, it extends only to situations where there is a "close nexus" between the confirmed plan and the matter allegedly related thereto; matters affecting "'the interpretation, implementation, consummation, execution, or administration of the confirmed plan will typically have the requisite close nexus.'" *Montana v. Goldin* (*In re Pegasus Gold Corp*.), 394 F.3d 1189, 1194 (9th Cir. 2005) (quoting and adopting test *In re Resorts Int'l, Inc*., 372 F.3d 154, 67 (3d Cir. 2004)).

Here, plaintiff asserts that the AHM liquidation plan has been confirmed and that Wells Fargo has failed to demonstrate the requisite "close nexus" of its potential claims against AHM related to the 262 loans originated by AHM to the bankruptcy proceedings. *See* Reply at 1-2. Wells Fargo, relying on the more lenient "any conceivable impact" pre-confirmation test, argues that its rights to contractual indemnity and defense costs from AHM for the claims in this action are more than sufficient to

demonstrate "related to" jurisdiction here.[3] Wells Fargo provides no explanation of how its claims regarding the 262 loans in the Wells Fargo Mortgage Backed Securities Trust 2007-8 will be treated under the AHM liquidation plan or what further proceedings, if any, Wells Fargo can foresee with respect to its rights asserted in the AHM bankruptcy. Wells Fargo also fails to explain either how its rights with respect to 262 loans, only 5.5% of the loans in one of the three Wells Fargo trusts, would lead to a significant amount of indemnity for the claims in this action, or, relatedly, whether other indemnity agreements cover other loans in its trusts. However, even assuming that Wells Fargo had demonstrated a "close nexus" sufficient to demonstrate "related to" jurisdiction in this Court under 28 U.S.C. § 1334(b), for the reasons identified below, the Court finds that this case should be remanded under equitable considerations.[4]

## II. Remand on Equitable Considerations

Under Section 1452(b), any claim removed pursuant to Section 1334 may be remanded on "any equitable ground." In the Ninth Circuit, courts have identified seven factors governing the decision to remand:

> (1) the effect of the action on the administration of the bankruptcy estate; (2) the extent to which issues of state law predominate; (3) the difficulty of applicable state law; (4) comity; (5) the relatedness of the action to the bankruptcy case; (6) any jury trial right; and (7) prejudice to plaintiffs from removal.

*Hopkins v. Plant Insulation Co.*, 349 B.R. 805, 813 (N.D. Cal. 2006) (citing *Williams v. Shell Oil Co.*, 169 B.R. 684, 692-93 (S.D. Cal. 1994)). Judge Conti in this District recently applied these factors to

---

[3] Wells Fargo relies on the pre-confirmation test in large part because plaintiff relied on the same in its motion. Plaintiff did so, however, because its motion to remand was filed before the AHM liquidation plan was confirmed on November 20, 2010. *See* Reply at 2, fns. 2-3.

[4] At least two recent cases have found that indemnity claims submitted to the AHM bankruptcy proceeding were sufficient to demonstrate "related to" jurisdiction under either the "conceivably related" to or "close nexus" standards. In one, *Fed. Home Loan Bank of San Francisco v. Deutsche Bank Secs.*, 2010 U.S. Dist. LEXIS 138564 (N.D. Cal. Dec. 20, 2010), the court found "related to" jurisdiction as a result of AHM and other similar indemnification agreements, but granted remand based on equitable considerations; see discussion *infra*. In the other, *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 2010 U.S. Dist. LEXIS 139289 (C.D. Cal. Dec. 29, 2010), the court found a "close nexus" based on an AHM indemnity agreement that covered a substantially larger proportion of the loans involved – 50% of the issue from one of the fourteen trusts involved in the case -- and denied remand based on equitable considerations not present in this case.

4

a factually similar case and found that they weighed in favor of remand. *See Fed. Home Loan Bank of San Francisco v. Deutsche Bank Secs.*, 2010 U.S. Dist. LEXIS 138564, *33-40 (N.D. Cal. Dec. 20, 2010) (remanding case based on the "very small number of loans in the trusts that had bankrupt originators," where AHM originated 57% of the loans in one trust, as well as an undisclosed small number of loans in four additional trusts, out of the 74 trusts at issue); *cf. Fed. Home Loan Bank of Chi. v. Banc of Am. Funding Corp.*, 2011 U.S. Dist. LEXIS 4945, *14 (N.D. Ill. Jan. 18, 2011) (rejecting "related to" jurisdiction contemplated in the Bankruptcy Code, as "the prospect that a few of the defendants may have such a potential basis for invoking federal jurisdiction in a couple of the situations targeted by [plaintiff's] enormous Complaint cannot serve as a very small jurisdictional tail that can wag the very large jurisdictional dog of this lawsuit as a whole.").

Turning to the factors that govern equitable remand, the Court notes first that Wells Fargo does not explain how its claims will be treated under the AHM liquidation plan or how this action could impact the administration of that plan, given the fact that only a small number of loans – *e.g.*, 292 loans of the more than 70,000 loans covered by the Amended Complaint – are covered by the AHM indemnity agreement benefitting Wells Fargo.

The Court finds that this case raises substantial state law claims, as well as claims arising under the Securities Act of 1933, so neither federal nor state law predominates. However, claims under the Securities Act first filed in state court are normally not removable. *See* 15 U.S.C. § 77v(a). Therefore, the Court finds that comity concerns weigh in favor of remanding this action to state court.

The Court cannot tell, and neither party asserts, that the claims at issue here are related in any way to claims at issue in the AHM bankruptcy proceeding. The Court can tell that only 262 loans – 5.5% of the loans in *one* of three Wells Fargo trusts – are implicated by the AHM indemnity agreement. The Court can also tell that the matter pending before this Court does not involve "core" bankruptcy matters. As a result, the Court finds that the connection between this case and the bankruptcy proceedings in Delaware is very, very remote. *See* Reply at 1 (asserting that 99.63% of the loans in this action were made by non-bankrupt originators); *see also Fed. Home Loan Bank of San Francisco v. Deutsche Bank Secs.*, 2010 U.S. Dist. LEXIS 138564 at *34; *cf. Fed. Home Loan Bank v. Deutsche Bank Sec., Inc.*, 2010 U.S. Dist. LEXIS 97393, *20 (W.D. Wash. Sept. 1, 2010) (remanding claims

5

which did not implicate "core" bankruptcy proceedings).[5]

Finally, the Court notes that Schwab asserts that it "has not alleged and does not intend to prove that Wells Fargo made untrue or misleading statements about the few loans that were sold into" the Wells Fargo trust by American Home Mortgage, and "represents to the Court that it will not present evidence in this action that Wells Fargo made untrue or misleading statements about any loans from this originator." Motion to Remand at 4, 5. While this representation, on its own, would not mandate remand, it does weigh in favor of remand along with the other factors considered by the Court, and is a representation that the Superior Court can ensure plaintiff abides by in litigating its claims in state court.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS plaintiff's motion to remand and REMANDS this action to the Superior Court for the County of San Francisco, pursuant to 28 U.S.C. § 1452(b).

**IT IS SO ORDERED.**

Dated: February 23, 2011

SUSAN ILLSTON
United States District Judge

---

[5] Plaintiff asserts, and defendant does not dispute, that the loans originated by AHM were such a small fraction of the loans offered in the trust that they were not identified in the prospectus supplement for the issue. *See, e.g.,* Wells Fargo Mortgage Backed Securities Trust 2007-8, incorporated in Amended Complaint by Schedule 26 (Docket No. 1, pg. 147).